```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARIO CARBELLANO, JR.,                          :
                                                :
                    Plaintiff,                  :
                                                :           MEMORANDUM & ORDER
            -against-                           :           19-CV-03333 (DLI) (SJB)
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                    Defendant.                  :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On June 5, 2019, Plaintiff Mario Carbellano, Jr. ("Plaintiff") commenced this negligence action against the United States of America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq*. *See generally*, Complaint ("Compl."), Dkt. Entry No. 1. Plaintiff claims that he fell from a broken and defective chair owned, managed, maintained and controlled by Defendant and suffered injuries. *Id.* ¶¶ 1, 13, 32-34. Defendant moved to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See*, Def.'s Mot., Dkt. Entry No. 29-2. Plaintiff opposed the motion. *See*, Plf.'s Opp'n, Dkt. Entry No. 30-1. Defendant replied. *See*, Def.'s Rep., Dkt. Entry No. 31. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

Plaintiff is a resident of Suffolk County, New York. Compl. ¶ 1. He is an employee of Linxx Global Solutions, Inc. ("Linxx"). *Id.* ¶¶ 1, 13, 24-26. In February 2018, Defendant hired Linxx to provide armed security services at Building 111 of the Plum Island Animal Disease Center ("PIADC"), located at 40550 Route 25, Orient Point, NY 11944. *Id.* ¶¶ 14, 20-21; Declaration of Patrick Moylan ("Moylan Decl."), Dkt. Entry No. 29-4 at ¶¶ 10-11. PIADC is a federal research facility of the United States Department of Agriculture ("USDA") that is owned

and operated by the United States Department of Homeland Security ("DHS").  On February 21, 2018, during one of Plaintiff's shifts with Linxx, Plaintiff fell from a broken and defective chair in Building 111 and suffered injuries.  Compl. ¶¶ 25-26.  Immediately thereafter, a shift supervisor prepared an incident report (the "Report").  *See*, Report, Exhibit A to Declaration of Shana C. Priore ("Priore Decl."), Dkt. Entry No. 29-3 at 4.  The shift supervisor reported that the chair "was provided by AZ Contracting Corp."  *Id.*  Patrick Moylan, the Director of Operations for PIADC, searched records of DHS's furniture purchases and did not locate any records indicating that Defendant purchased the chair from which Plaintiff fell.  Moylan Decl. ¶¶ 1-4, 12-13.

Defendant hired AZ Corporation ("AZ") to perform construction work at Building 111, and the building was under AZ's construction when Plaintiff fell from the chair and suffered injuries.  *Id.* ¶ 5; AZ Contract, Exhibit A to Moylan Decl., Dkt. Entry No. 29-4.  Defendant also had hired ASRC Federal Field Services, LLC ("ASRC") to maintain operations and management control of the building at all relevant times.  Moylan Decl. ¶ 9; ASRC Contract, Exhibit B to Moylan Decl., Dkt. Entry No. 29-4.  During the construction period, non-AZ personnel were required to take an AZ sponsored safety training course to access Building 111, and Defendant's personnel had "limited access" to the building.  Moylan Decl. ¶¶ 7-8.

Under the terms of Defendant's contract with AZ, AZ retained "sole responsibility" for supervising its personnel directly "at all times" and providing "detailed instructions for [their] performance[.]"  AZ Contract at 30.  AZ agreed to "safeguard[] all Government property" and to "repair or replace" any furnishings that were damaged by its personnel at no cost to Defendant.[1]  *Id.* at 33-34.  AZ also assumed "full responsibility" for "all damages or claims" from persons

---

[1] Similarly, ASRC assumed responsibility for "the control and accountability of Government property[,]" and Linxx agreed to take "reasonable precautions to safeguard and protect Government property[.]"  ASRC Contract at 78; Linxx Contract, Exhibit C to Moylan Decl., Dkt. Entry No. 29-4, at 395.

injured by AZ's performance, and it indemnified Defendant against "all liability" from persons injured by any of AZ's "negligent acts[.]" *Id.* at 34-35. As a precaution, AZ further agreed to maintain comprehensive liability insurance at its own expense. *Id.* at 35.

On July 31, 2018, Plaintiff submitted to the DHS and the USDA a Standard Form 95, setting forth his claim against Defendant. Compl. ¶ 10. On February 5, 2019, Defendant sent Plaintiff a letter acknowledging receipt of the SF-95 form. *See*, Answer ("Ans."), Dkt. Entry No. 21, at ¶ 11.[2] The parties have not resolved Plaintiff's claim administratively. Compl. ¶ 12.

On June 5, 2019, Plaintiff commenced this action against Defendant pursuant to the FTCA, alleging that Plaintiff's injuries were caused by Defendant's negligence. *Id.* ¶¶ 1, 13, 32-34. Specifically, Plaintiff asserts that Defendant was negligent in its ownership, management, maintenance and control of the chair from which Plaintiff fell. *Id.* ¶¶ 29-33. Defendant moved to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See*, Def.'s Mot. Defendant argues that Plaintiff's claim is barred under the FTCA because Defendant did not waive its sovereign immunity, and Plaintiff seeks to hold Defendant liable for the negligence of its independent contractors. *Id.* at 1, 6-12. Plaintiff counters that it seeks to hold Defendant liable for its own actions and not those of its independent contractors. Plf.'s Opp'n at 2.

## **LEGAL STANDARD**

### I. **Federal Rule of Civil Procedure 12(b)(1)**

Subject matter jurisdiction is a threshold requirement in any suit. *See*, *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (holding that a judgment rendered by a court lacking subject matter jurisdiction is subject to collateral attack as void). Rule 12(b)(1) requires

---

[2] Plaintiff purports to attach the SF-95 form, proof of service, and a copy of his correspondence with Defendant as Exhibits A and B to his Complaint. Compl. ¶¶ 10-11. However, Plaintiff failed to attach any exhibits.

that a court dismiss a suit if it lacks subject matter jurisdiction as it "'lack[s] the statutory or constitutional power to adjudicate [the suit].'" *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When responding to a defendant's 12(b)(1) motion, a plaintiff must establish the existence of subject matter jurisdiction by a preponderance of the evidence. *Id.* (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Subject matter jurisdiction "'must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Greene v. Gerber Products Co.*, 262 F. Supp.3d 38, 51-52 (E.D.N.Y. 2017) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)). The Court "'need not accept as true contested jurisdictional allegations[,] and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings.'" *Kitzen v. Hancock*, 2017 WL 4892173, at *2 (E.D.N.Y. Oct. 27, 2017) (quoting *Williams v. Runyon*, 1997 WL 77207, at *1 (S.D.N.Y. Feb. 17, 1999)). "[W]here, as here, the jurisdictional challenge is based on the FTCA, the government receives the benefit of any ambiguities." *Loew v. U.S. Postal Serv.*, 2007 WL 2782768, at *4 (E.D.N.Y. Feb. 9, 2007) (citing *Moreno v. United States*, 965 F. Supp. 521, 524 (S.D.N.Y. 1997)).

**II.     Federal Tort Claims Act**

Generally, federal courts lack jurisdiction over suits brought against the United States government. *See*, *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (finding that the United States is immune from suit except as it consents to be sued). "[T]he United States, as a sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). "A plaintiff bears the burden o[f]

4

demonstrating that sovereign immunity has been waived." *Haber v. United States*, 823 F.3d 746, 751 (2d Cir. 2016) (citing *Makarova*, 201 F.3d at 113).

The FTCA "constitutes a limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (internal quotations and citation omitted). "Under the FTCA, a private citizen may sue for injuries caused by 'the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1)). The FTCA defines government employees to include "officers or employees of any federal agency," but excludes "contractor[s]" from this definition. 28 U.S.C. § 2671. Thus, to the extent that an independent contractor's negligent or wrongful act caused Plaintiff's injuries, Defendant cannot be held liable under the FTCA.

"[T]he waiver of sovereign immunity under the FTCA is strictly limited to suits predicated upon a tort cause of action cognizable under state law and brought in accordance with the provisions of the FTCA." *Kuhner v. Montauk Post Off.*, 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013) (alterations, quotations, and citations omitted). An administrative claim also must be filed with and adjudicated by the appropriate federal agency within two years of the accrual of the cause of action before a lawsuit may be filed against the United States. 28 U.S.C. § 2401(b).

When a plaintiff fails to exhaust his administrative remedies prior to filing a suit under the FTCA, the United States does not waive its sovereign immunity and the Court lacks subject matter jurisdiction over the claim. *See*, *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) ("[T]he FTCA provides . . . that '[a]n action shall not be instituted upon a claim

5

against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .'") (quoting 28 U.S.C. § 2675(a)) (emphasis omitted). The administrative exhaustion requirement is "jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citations omitted).

## DISCUSSION

### I.   Administrative Exhaustion of FTCA Claim

Plaintiff has failed to demonstrate that he exhausted his administrative remedies against Defendant before filing this action in federal court. "The Second Circuit has held that merely filing an SF 95 does not necessarily satisfy the presentment requirement." *Young v. United States*, 2014 WL 1153911, at *7 (E.D.N.Y. Mar. 20, 2014) (citing *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (per curium)). Rather, the plaintiff's claim "must provide enough information to permit the [defendant] to conduct an investigation and to estimate the claim's worth." *Romulus*, 160 F.3d at 132 (citing *Keene Corp. v. United States*, 700 F.2d 836, 842 (1983)); *See also*, *State Farm Mut. Auto. Ins. Co. v. United States*, 326 F. Supp.2d 407, 413 (E.D.N.Y. 2004) (the Court "must . . . determine whether the plaintiff provided the [defendant] with sufficient information about the claim to constitute adequate notice required for jurisdiction."). The administrative exhaustion requirement "enable[s] the federal government to expedite the fair settlement of tort claims." *Romulus*, 160 F.3d at 132 (citation omitted).

Here, Plaintiff submitted an SF-95 form to the DHS and the USDA on July 31, 2018, setting forth his claim against Defendant. Compl. ¶ 10. On February 5, 2019, Defendant sent Plaintiff a letter acknowledging receipt of the form. Ans. ¶ 11. Nearly one year passed after Plaintiff submitted the SF-95 form before he filed this action on June 5, 2019, without resolving the claim administratively. *Id.* ¶ 12; *See*, 28 U.S.C. § 2675(a) ("The failure of an agency to make final

6

disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim[.]").

Contrary to Plaintiff's assertion, Defendant did not admit that Plaintiff's SF-95 form satisfied the FTCA's presentment requirement. Compl. ¶¶ 11-12; Ans. ¶¶ 11-12. Plaintiff also failed to provide the Court with the SF-95 form or its correspondence with Defendant regarding his claim. Consequently, the Court cannot determine if Plaintiff's SF-95 form constituted adequate notice by providing Defendant with sufficient information to investigate his claim and to estimate its worth. *See*, *Gray v. Metropolitan Detention Ctr.*, 2011 WL 2847430, at *7 n.5 (E.D.N.Y. July 15, 2011) (dismissing negligence claims for lack of subject matter jurisdiction when plaintiff failed to file SF-95 form with the Court); *Davis v. United States*, 2013 WL 5225931, at *5-6 (S.D.N.Y. Sept. 13, 2013) (dismissing complaint for lack of subject matter jurisdiction when plaintiff failed to provide adequate information in SF-95 form for defendant to investigate plaintiff's claim); *Furman v. U.S. Postal Serv.*, 349 F. Supp.2d 553, 558-59 (E.D.N.Y. 2004) (same). Plaintiff has not demonstrated that he exhausted his administrative remedies properly or that Defendant waived its sovereign immunity. Accordingly, the Court lacks subject matter jurisdiction over this action.

## II. Independent Contractor Exception

Even if Plaintiff had exhausted his administrative remedies properly, the Court still lacks subject matter jurisdiction over this action. Defendant cannot be held liable for the alleged negligence of its independent contractor, AZ.

An entity's status as a federal employee or an independent contractor is a question of federal law. *See*, *Leone v. United States*, 910 F.2d 46, 49 (2d Cir. 1990) (citing *Logue v. United States*, 412 U.S. 521, 528 (1973)). "The critical factor in distinguishing an employee of the federal government from an independent contractor is whether the government retained the authority to

7

control the detailed physical performance of the work or whether the worker's day-to-day operations in fact were supervised by the federal government." *Abrams-Fogliani v. United States*, 952 F. Supp. 143, 145 (E.D.N.Y. 1996) (citing *United States v. Orleans*, 425 U.S. 807, 814-15 (1976); *Logue*, 412 U.S. at 527-28; *B&A Marine Co., Inc. v. Am. Foreign Shipping Co., Inc.*, 23 F.3d 709, 713 (2d Cir. 1994)). The Court may resolve this question by examining the contract between the Government and the contracting entity. *See*, *Shivcharan v. United States*, 2005 WL 408046, at *2 (E.D.N.Y. Feb. 15, 2005) (citations omitted).

Defendant's contract with AZ reveals that AZ is an independent contractor. AZ agreed to instruct and supervise its personnel directly "at all times[]" and retained "sole responsibility" for their performance. AZ Contract at 30. AZ also agreed to "safeguard[] all Government property" and to "repair or replace" any furnishings that were damaged by its personnel at no cost to Defendant. *Id.* at 33-34. Contract provisions like these, conferring responsibility for supervision, maintenance and repairs, demonstrate that a company is an independent contractor. *See, e.g.*, *Fisko v. U.S. Gen. Serv. Admin.*, 395 F. Supp.2d 57, 63 (S.D.N.Y. 2005) (company was independent contractor when it assumed responsibility for maintenance, supervision and repairs); *Cipolla v. United States*, 2014 WL 7140471, at *4 (E.D.N.Y. Dec. 12, 2014) (company was independent contractor when it agreed to safeguard government property and to superintend its construction work); *Forshaw v. United States*, 1998 WL 641357, at *2 (N.D.N.Y. Sept. 11, 1998) (company was independent contractor when it agreed to superintend its construction work "[a]t all times").

Additionally, AZ: (1) assumed "full responsibility" for any damages or claims brought by injured persons arising from AZ's performance under the contract; (2) agreed to maintain insurance at its own expense; and (3) indemnified Defendant against "all liability claims" resulting from AZ's "negligent acts[.]" AZ Contract at 34-35. These facts further signify that AZ is an

8

independent contractor. *See, e.g.*, *Cerrone v. United States*, 2006 WL 2795614, at *4 (W.D.N.Y. Sept. 26, 2006) (contractual requirement that company obtain insurance indicated that company was independent contractor); *Diaz v. U.S. Postal Serv.*, 2003 WL 21767530, at *2 (S.D.N.Y. July 31, 2003) (construction company was independent contractor when it agreed to indemnify the United States, accepting all of the liabilities for injuries that resulted from the work); *Carter v. United States*, 1998 WL 744009, at *2 (S.D.N.Y. Oct. 26, 1998) (company was independent contractor when it accepted responsibility for all damages to persons or property that occurred as a result of the company's negligence). Notably, Plaintiff does not contest that AZ is an independent contractor, and Plaintiff does not contend that AZ is Defendant's employee.

Defendant submitted an incident report stating that AZ provided the chair from which Plaintiff fell. *See*, Report ("Chair was provided by AZ Contracting Corp."). Plaintiff objects to this evidence solely on the ground that the Report is "unauthenticated" and "fails to indicate the source[.]" Plf.'s Opp'n at 3. Defendant did not address Plaintiff's argument. The Report contains a detailed explanation of the incident, including the date, time and parties who were present when Plaintiff fell from the chair. Report. The sources of the Report also are identified clearly and explicitly, as it is dated and signed by both the "reporting officer" and the "reviewing supervisor." *Id.* Plaintiff has provided no basis to question its authenticity.

Furthermore, any evidence that Defendant submitted in support of its Rule 12(b)(1) motion is subject to the same standards of admissibility found in Federal Rule of Civil Procedure 56. *See*, *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp.3d 486, 499 (S.D.N.Y. 2017) (citation omitted). "[T]he 2010 amendments to Federal Rule of Civil Procedure 56 eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated." *Akers v. Beal Bank*, 845 F. Supp.2d 238, 243 (D.D.C. 2012) (internal

9

quotation marks and citation omitted). Accordingly, Plaintiff's argument also is rejected on the ground that Defendant did not need to authenticate the Report. *See*, *Archie MD, Inc. v. Elsevier, Inc.*, 2017 WL 3421167, at *1 n.2 (S.D.N.Y. Mar. 13, 2017) (overruling plaintiff's objection that defendant failed to authenticate documents submitted in support of its summary judgment motion).

While Defendant has submitted evidence that AZ is an independent contractor and provided the chair from which Plaintiff fell, Plaintiff merely speculates that Defendant may have owned, maintained or provided the chair. *See*, Plf.'s Opp'n at 2-3. In a Rule 12(b)(1) motion filed pursuant to the FTCA, the Government receives the benefit of any factual ambiguities. *See*, *Loew*, 2007 WL 2782768, at *4. Thus, the Court finds that AZ provided the subject chair. Even if the Court were to accept that the chair was Defendant's property, Plaintiff's negligence claim still is barred. Under the terms of Defendant's contract with AZ, AZ was responsible for "safeguarding all Government property[.]" AZ Contract at 33. Linxx and ASRC also assumed similar obligations in their contracts. *See*, Linxx Contract at 395 ("[Linxx] shall take reasonable precautions to safeguard and protect Government property[.]"); ASRC Contract at 78 ("[ASRC] shall be responsible for the control and accountability of Government property[.]").

Given that Plaintiff seeks to hold Defendant liable for AZ's alleged negligence, Defendant did not waive its sovereign immunity, and the Court lacks subject matter jurisdiction in this case. Plaintiff alleges that he "seeks to hold [Defendant] liable for its own actions and not those of the independent contractors." Plf.'s Opp'n at 2. However, Plaintiff fails to identify a single negligent act of any Government employee that caused Plaintiff's injuries. Indeed, Plaintiff has filed a negligence suit against AZ in the Supreme Court of the State of New York, Suffolk County, under Index Number 615077/2018, alleging that his injuries were caused "*solely* by the negligence of [] A/Z[.]" Exhibit B to Priore Decl., Dkt. Entry No. 29-3 at 11, ¶ 39 (Emphasis Added).

10

At most, Plaintiff argues that Defendant had an absolute and non-delegable duty to maintain the safety of the premises and the chair, and Defendant failed to supervise its contractors properly. Compl. ¶¶ 29, 32; Plf.'s Opp'n at 4-5. "The FTCA precludes government liability absent a negligent act, and thus the Government cannot be held liable for injuries caused by an independent contractor on the basis of a state law duty as a landowner to maintain its property in a reasonably safe condition." *Squicciarini v. United States*, 2013 WL 620190, at *5 (S.D.N.Y. Feb. 15, 2013) (citing *Roditis v. United States*, 122 F.3d 108, 111-12 (2d Cir. 1997)). "[C]ourts are legion in holding that the FTCA does not waive sovereign immunity for the non-delegable duties of landowners under state law." *Fraser v. United States*, 490 F. Supp.2d 302, 312 (E.D.N.Y. 2007) (citing *Roditis*, 122 F.3d at 111). Furthermore, "the selection and supervision of contractors is a discretionary function [under 28 U.S.C. § 2680(a)] and cannot form the basis for liability under the FTCA." *Fisko*, 395 F. Supp.2d at 65 (citing *United States v. Varig Airlines*, 467 U.S. 797, 819-20 (1984)). Therefore, Plaintiff cannot pursue his negligence claim on these grounds.

**III.     Need for Additional Discovery**

Plaintiff lastly argues that Defendant's motion to dismiss is premature because discovery is not complete in this action. Plf.'s Opp'n at 2. Plaintiff claims that he has not had the opportunity to depose any witnesses regarding Defendant's contracts with AZ, Linxx, and ASRC, Defendant's access to the building, the day to day operations at the building, and the provision of the chair. *Id.* Defendant contends that the Court afforded Plaintiff the opportunity to conduct discovery before the parties submitted their briefs, but Plaintiff did not notice any depositions during that period. Def.'s Rep. at 8. Therefore, Plaintiff waived the ability to conduct discovery in these areas and has not demonstrated any need for additional time to conduct depositions. *Id.* at 8-9.

"A party seeking jurisdictional discovery . . . bears the burden of showing necessity." *Molchatsky v. United States*, 778 F. Supp.2d 421, 438 (S.D.N.Y. 2011). Courts generally permit a plaintiff resisting a Rule 12(b)(1) motion to conduct discovery on jurisdictional facts, "at least where the facts . . . are peculiarly within the knowledge of the opposing party." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004). However, a plaintiff is not entitled to jurisdictional discovery "if it cannot show that the requested discovery is 'likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'" *Molchatsky*, 778 F. Supp.2d at 438 (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)); *See also*, *Haber*, 823 F.3d at 753 (district court may deny jurisdictional discovery when plaintiff fails to show how the information would bear on the critical issue of jurisdiction) (citing *Gualandi*, 385 F.3d at 236). Plaintiff's burden to show the need for jurisdictional discovery is apt particularly in an FTCA suit because "[sovereign] immunity is intended to shield the [Government] from the burden of defending the suit, including the burdens of discovery." *Freeman*, 556 F.3d at 342 (citations omitted).

The Court may consult Federal Rule of Civil Procedure 56(f) for guidance when considering the need for discovery on jurisdictional facts. *See*, *Gualandi*, 385 F.3d at 244. For example, the Court may deny additional discovery if it finds that a party's unfinished discovery is a result of its own dilatoriness. *See*, *Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 928 (2d Cir. 1985) ("A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need.").

Defendant's motion is not premature as a party may move to dismiss for lack of subject matter jurisdiction at any time. *See*, *McKie v. Estate of Dickinson*, 2020 WL 2797243, at *2 (E.D.N.Y. May 29, 2020) (" . . . subject matter jurisdiction [] may be raised at any time by a party

12

or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.") (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000)).

On December 20, 2019, the Honorable Sanket J. Bulsara, U.S.M.J., adopted the parties' discovery plan and afforded Plaintiff an opportunity to conduct discovery. *See*, December 20, 2019, ECF Minute Entry and Order. On March 3, 2020, the Magistrate Judge temporarily stayed discovery pending resolution of Defendant's motion to dismiss for lack of subject matter jurisdiction. *See*, March 3, 2020, ECF Minute Entry and Order. Prior to the entry of the latter Order, Plaintiff did not seek to depose any Government witnesses pursuant to the parties' discovery plan. Def.'s Rep. at 8. Instead, Plaintiff waited to profess interest in conducting depositions *after* Defendant filed its motion to dismiss. *Id.* at 8-9. Plaintiff has not made any showing of a genuine need or any reason whatsoever for additional time to conduct depositions.

Furthermore, Plaintiff has not shown that depositions are likely to produce facts that will withstand Defendant's motion. At the outset, Plaintiff does not identify a single Government witness who he wants to depose. He claims only that he seeks to hold Defendant liable "for its own actions and not those of the independent contractors." Plf.'s Opp'n at 2. In light of this assertion, Plaintiff fails to explain why depositions concerning Defendant's contracts with AZ, Linxx and ASRC are necessary to support Plaintiff's case or to demonstrate that this Court has subject matter jurisdiction. Plaintiff does not claim that these companies are Defendant's employees and Defendant provided each contract to Plaintiff during discovery.

Depositions regarding Defendant's "access to the building" and the "day-to-day operations" of the building would bear no relationship to Defendant's ownership of the chair. *Id.* Depositions concerning "the provision of the chair" also are unnecessary. *Id.* Defendant has produced evidence that AZ provided the chair and assumed responsibility for safeguarding all

13

Government property.  *See*, Report; AZ Contract at 33.  Plaintiff, on the other hand, has offered no evidence to support his theory that Defendant may have owned or provided the chair.  *See*, *Lituma v. United States*, 2005 WL 1705088, at *2 (S.D.N.Y. July 18, 2005) ("In the absence of any fact[u]al submission and in the face of contractual language directly to the contrary, plaintiff's theory that the Government might have provided [the] defective equipment is pure speculation, and does not entitle him to discovery.").  Accordingly, additional discovery is unwarranted.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.  This action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2021

/s/
DORA L. IRIZARRY
United States District Judge